

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Syeed Briggs,<br>    Plaintiff,<br><br>    V.<br><br>James Godby; Jeff McGee;<br>Montgomery County, PA;<br>Lower Merion Township, PA;<br>Plymouth Meeting Township, PA;<br>John Doe, Plymouth Meeting Township<br>Law Enforcement Officers;<br>All Jointly and Severally Liable<br>in both Individual and Official<br>Capacities,<br>    Defendants, | Civil Action<br><br>No: 08-CV-5239 |

JURISDICTION

1)    This Court has Jurisdiction over the Instant Civil Action pursuant to Title 28 U.S.C. § 1331.  This Action arises under Title 42 U.S.C. § 1983.

PARTIES

2)    Plaintiff, Syeed Briggs, is a Federal Prisoner who is presently incarcerated at F.C.I. Bennettsville, Bennettsville, SC 29512.

3)    Defendant Montgomery County is a County in the Eastern District of Pennsylvania which has its own Governmental Structure and which performs relevant Governmental tasks.  These tasks include but are not limited to protection of its Residents which entails proper supervision of and instructions to its Law Enforcement Officials in the performance of their duties.

4)    Defendant Plymouth Meeting is a Township in the Eastern District of Pennsylvania which has its own Governmental Structure and which performs relevant Governmental tasks.  These tasks include but are not limited to protection of its Residents which entails proper supervision of and instructions to its Law Enforcement Officials in the performance of their duties.

5) Defendant Lower Merion is a Township in the Eastern District of Pennsylvania which has its own Governmental Structure and which performs relevant Governmental tasks. These tasks include but are not limited to protection of its Residents which entails proper supervision of and instructions to its Law Enforcement Officials in the performance of their duties.

6) Defendant James Godby is a Detective who works for Plymouth Meeting Township in the Eastern District of Pennsylvania.

7) Defendant Jeff McGee is a Detective who works for Lower Merion Township in the Eastern District of Pennsylvania.

8) Defendants John Doe is a Law Enforcement Officer who works for Plymouth Meeting Township in the Eastern District of Pennsylvania.

RELATED CASES

9) Plaintiff has no Civil Action pending against any/all of the Defendants.

10) Plaintiff was prosecuted by the United States Attorney's Office for the Eastern District of Pennsylvania in United States v. Syeed Briggs, criminal number 06-715-01.

STATEMENT OF FACTS

11) On or about October 25, 2006, a Joint Task Force of F.B.I. Agents, Philadelphia Police Officers, Plymouth Meeting Police Officers and Lower Merion Police Officers, conducted a search at 243 W. Tulpehocken St. Apt. B 308, Philadelphia, PA 19144.

12) This Apartment was under the dominion and control of Plaintiff at the time of the search.

13) Plaintiff was present on arrival of the Police, yet they forcefully entered the premises by "kicking the door in".

14) Plaintiff was immediately seized and restrained in handcuffs, and removed from his bedroom to the living room.

15) At the time the Police entered the Apartment, Plaintiff was still asleep.

-1-

16) Plaintiff asked the Police for the reason why they had entered the premises in the way they did and Plaintiff was told that the Police was conducting an Investigation of two Bank robberies; one in Plymouth Meeting and one in King of Prussia.

17) The Police asked Plaintiff who owned the Apartment and Plaintiff informed them that he did.

18) Plaintiff asked the Police was he under arrest, and the Police said no.

19) Plaintiff then queried why was he being handcuffed but was ignored by the Police.

20) The Police, Defendants Godby, McGee and John Doe, asked Plaintiff's permission to search the Apartment; a request Plaintiff denied.

21) Plaintiff told the Police that in order for them to conduct any search, they would have to obtain the proper authority under which they could execute the search.

22) Defendants Godby, McGee and John Doe told Plaintiff that they believed he was involved in the alleged Robberies and, as such, would not waste their time nor (Plaintiff's) time seeking a warrant.

23) Defendants Godby, McGee and John Doe further added that Plaintiff would be free to go if they found nothing that would inculpate him of the crimes as the matter would then be resolved.

24) Defendants Godby, McGee, John Doe, and the rest of the Police executed the search above at Plaintiff's objection.

25) During the search, several items were seized from the premises: $2571.00 in currency, two (2) automobiles, two (2) cell phones, a small quantity of marijuana and several other innocuous items.

26) Plaintiff was informed by Defendants McGee and Godby that some of the seized materials implicated him in the crimes.

27) Two (2) hours later, Plaintiff was officially placed under arrest.

28) Plaintiff was thence transported out of Philadelphia County to Plymouth Meeting by Godby, McGee and John Doe, where he was charged and detained. (See Attachment A).

29) Plaintiff was subsequently transferred to Montgomery County Correctional Facility, where he again asserted that his property was illegally seized, his Residence illegally searched and his person illegally restrained.

30) Subsequently, all of the charges were dropped, February 12, 2007. (See Attachment B).

31) The Federal Government adopted and prosecuted the Case which led to the Plaintiff's conviction in Criminal number 06-715-01, United States v. Syeed Briggs.

32) From the inception of the questionable Police conduct, Plaintiff has assiduously sought to ascertain under what authority these Law Enforcement Officials acted.

33) To date, Plaintiff finds that no search warrant was issued (obtained) for the search; no arrest warrant existed at the time of his seizure and subsequent arrest; and no Criminal complaint (information or Indictment) was in existence at the time that he was seized and arrested.

34) None of Plaintiff's property which was taken was ever returned.

35) At Plaintiff's Trial, in the referenced Case, No: 06-715-01; the evidence seized at the Apartment was inconsequential in obtaining his (Plaintiff's) guilt.

36) There was ample other evidence which established guilt beyond a reasonable doubt: Police Officer's testimony; Co-Defendant's testimony; and Statements made by Plaintiff- all of which indeed had been inevitably discovered by the Police.

37) Plaintiff has been immensely and adversely affected by the unconscionable entry of the Police into his Apartment, their callous act of removing him

and his Fiancee' from the bed in absolute nudity and the disrespectful manner in which his Fiancee' was treated. Plaintiff has suffered emotional trauma, stress, anguish and embarrassment for the Police's Action.

VIOLATIONS

38) Defendant Godby, knowingly and willfully acted individually and conspired together with the named Defendants and unknown, and aided and abetted each other to subject Plaintiff to an unreasonable seizure of his person, an unreasonable seizure of his property and an unreasonable search of his premises, as set forth in Paragraphs 10-36, all in violation of the Fourth Amendment to the United States Constitution.

39) Defendant McGee, knowingly and willfully acted individually and conspired together with the named Defendants and others known and unknown to subject Plaintiff to an unreasonable seizure of his person, an unreasonable seizure of his property and an unreasonable search of his premises, as set forth in Paragraphs 10-36, all in violation of the Fourth Amendment to the United States Constitution.

40) Defendant John Doe, knowingly and willfully acted individually and conspired together withe the named Defendants and others know and unknown to subject Plaintiff to an unreasonable seizure of his person, an unreasonable seizure of his property and an unreasonable search of his premises, as set forth in Paragraphs 10-36, all in violation of the Fourth Amendment to the United States Constitution.

41) Defendant Plymouth Meeting Township is vicariously responsible for Defendants Godby's and John Doe's actions for not acting when Plaintiff declared that he was illegally taken into custody; his property was illegally searched and illegally seized upon his arrival at Plymouth Meeting Police Headquarters. Defendant Plymouth Meeting has a duty to ensure that its Law Enforcement Officials act in conformance with the Law and protocol in effectuating their

duties. Defendant Plymouth Meeting incurred vicarious liability for its omission and its acquiescence into the unlawful conduct of its Officers which led to the continued subjugation of Plaintiff's Fourth Amendment Rights. Defendant is negligent and deliberately indifferent in failing to act.

42)   Defendant Lower Montgomery County is vicariously responsible for Defendant McGee's action, Defendant Godby's action and Defendant Plymouth Meeting's omission for not acting when Plaintiff declared that he was illegally taken into custody, his property illegally seized and illegally searched upon his arrival at Montgomery County Correctional Facility. Defendant Montgomery County assumes a supervisory role over Defendants Lower Merion Township, Plymouth Meeting Township and by extension of their Officers. Defendant Montgomery County has a duty to assure that all of its Subordinate Jurisdictions and its official conform with Law and protocol in the performance of of their functions. Defendant Montgomery County incurred vicarious liability for its omission and its acquiescence into the illegal conduct of its Subordinate Jurisdictions and their Officials which led to the continued subjugation of Plaintiff's Fourth Amendment Rights. Defendant Montgomery County is negligent and deliberately indifferent in failing to act.

RELIEF SOUGHT

43)   Plaintiff requests this Honorable Court to order the Defendants to plead to this complaint within twenty (20) days of its service upon them.

44)   Plaintiff requests this Honorable Court to grant him leave to proceed in Forma Pauperis.

45)   Plaintiff requests this Honorable Court to direct the Officers of the Court to serve all Processes. (Rule 4(C)(2), Fed. R. Civ. Proc.).

46)   Plaintiff seeks from the Defendants, jointly and/or severally, compensatory damages in the amount of $110,000 for violation of Federal Laws - one hundred and ten days of improper custody.

47) Plaintiff seeks from the Defendants, jointly and/or severally, compensatory and punitive damages in the amount of two million dollars ($ 2,000,000). This is to deter any future unlawful, i.e., knowing, willfull or intentional conduct of the Defendants.

48) Plaintiff seeks all Litigation costs which would be reasonably incurred in the instant Civil Action.

49) Plaintiff requests this Honorable Court to compel the Authority, Communications and Records that authorized the search and seizure of his property and person.

50) Plaintiff requests the return of his two (2) automobiles, two (2) cellular phones and $ 2,571.oo in currency.

51) Plaintiff requests this Honorable Court to grant any other Relief which the Court deems Just and Proper.

Respectfully submitted.

October 22, 2008

*Syeed Briggs*

Syeed Briggs, Pro se
USM # 62038-066
F.C.I. Bennettsville
P.O. Box 52020
Bennettsville, SC 29512